1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10  ARCHIE CRANFORD,                    CASE NO.    1:13-cv-00581-MJS (PC)
11              Plaintiff,              ORDER DISMISSING COMPLAINT WITH
                                        LEAVE TO AMEND
12      v.
13                                      (ECF No. 1)
    SAMANTHA PERRYMAN, et al.,
14                                      AMENDED COMPLAINT DUE WITHIN
              Defendants.               THIRTY (30) DAYS
15
16  _____/
17
18                          **SCREENING ORDER**
19  **I.    PROCEDURAL HISTORY**
20          On April 22, 2013, Plaintiff Archie Cranford, a civil detainee proceeding pro se and
21  in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)
22  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)  His Complaint is
23  now before the Court for screening.
24  **II.   SCREENING REQUIREMENT**
25
26          Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the
27

                                        1

Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.   **SUMMARY OF COMPLAINT**

The Complaint identifies the following individuals as Defendants: (1) Samantha Perryman; (2) Senait Endile; and (3) Stefeni Vally.

Plaintiff alleges the following:

On February 21, 2013, Plaintiff approached the unit two medication room window at Coalinga State Hospital to receive his prescription.  When Defendant Endile observed it was Plaintiff approaching, she picked up an unknown pill off of the floor and placed it alongside Plaintiff's medication in a paper cup.  She instructed Plaintiff to swallow all of the pills at once.  Plaintiff complied without suspicion because medication had been dispensed in this manner before.  Approximately forty-five minutes later Plaintiff became flushed, his vision was impaired, and his heart rate accelerated.  (Compl. at 3.)

Plaintiff received medical attention and it was confirmed that his heart rate was dangerously high.  He asked to see Defendants Perryman and Vally.  Plaintiff was told that Perryman was in a meeting and Vally was in the patient dinning room.  Plaintiff made it to the dinning room with extreme difficulty and told Vally what had happened.  She replied, "what do you whant [sic] me to do about it[?]" (Compl. at 4.)  Eventually Perryman became aware of the incident but failed to respond within the allotted time.  (Id.)

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

3

**B.    Fourteenth Amendment**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment.  See Youngberg v. Romeo, 457 U.S. 307, 315 (1982).  Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321–22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243–44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment."  Youngberg, 457 U.S. at 321.  A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base [his or her] decision on such a judgment."  Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness.  Youngberg, 457 U.S. at 324.  "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised.  It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made."  Id. at 321.  Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a

judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir.1992).

Plaintiff alleges that he was given medication from the floor, endured a severe physical reaction to it, and was then ignored.  Plaintiff's asserts the conclusion that such acts violated constitutional rights, but he includes no facts that would enable the court to so find.  The Complaint has no factual allegations that would support a conclusion that what happened was a substantial departure from accepted professional judgment, practice, or standards.  Even Plaintiff acknowledges that medication periodically falls on the floor and is taken without adverse side effects.  To state a claim, Plaintiff must provide more detail and explain why Defendant Endile's conduct amounted to a significant departure from accepted professional judgment, practice, or standards.  Plaintiff must allege facts; suspicions and speculation are not sufficient to state a claim.

Plaintiff's claims against Defendants Perryman and Vally are also deficient.  The facts alleged fall short of establishing that either Defendant failed to exercise professional judgment.  Plaintiff's sole allegation regarding Defendant Vally is that she asked, perhaps callously, what Plaintiff wanted her to do about his condition.  The Complaint is missing the circumstantial detail that would permit the Court to make a determination that Vally acted outside the bounds of professional judgment, practice, or standards and that Plaintiff suffered harm as a result.  Plaintiff does not allege what happened immediately after Vally questioned him, he does not describe his condition at the time they interacted, he does not explain what responsibility Vally had at the time, and he does not explain what, if any, adverse consequences he suffered as a result of her response.

Finally, Plaintiff asserts that Defendant Perryman is responsible for a constitutional violation because she failed to respond to Plaintiff's administrative grievance promptly.

Perryman was in a meeting during the incident and Plaintiff's only allegation is that she failed to respond to his complaint.  Generally, denying an administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, if there is an ongoing constitutional violation and the supervisor had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the supervisor knew about an impending violation and failed to prevent it.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under § 1983 if he or she knew of a violation and failed to act to prevent it).  That circumstance has not been presented here.  Plaintiff complains of conduct that occurred after the alleged violations were completed.  Plaintiff has not set forth facts to demonstrate that Perryman knew of, and failed to prevent, any constitutional violations.  Accordingly, he fails to state a claim against the Defendant.

While the Court does not condone acts such as Plaintiff has described here, there is nothing in the pleading to suggest they reached the level of a constitutional violation. The Court will grant Plaintiff leave to amend.  To state a claim, Plaintiff must provide a detailed and chronological recitation of the events in question.  The facts alleged must demonstrate how each Defendant acted in a manner that substantially departed from professionally accepted judgment, practice, or standards.  Youngberg, 457 U.S. at 324. Plaintiff must show that the Defendants' conduct reflected "a conscious indifference amounting to gross negligence, so as to demonstrate that [their] decision[s] [were] not based upon professional judgment."  Houghton, 965 F.2d at 1536.  He must allege facts showing that he suffered injury as a result of the unconstitutional actions.

1

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d

1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-

49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

demonstrate that each named Defendant personally participated in a deprivation of his

rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed April 22, 2013;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   <u>    July 1, 2013    </u>          <u>    /s/ *Michael J. Seng*    </u>
                                            UNITED STATES MAGISTRATE JUDGE

8