1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ARCHIE CRANFORD,                    CASE NO. 1:13-cv-00581-MJS

12             Plaintiff,                ORDER DISMISSING PLAINTIFF'S FIRST
                                         AMENDED COMPLAINT FOR FAILURE
13        v.                             TO STATE A COGNIZABLE CLAIM

14   SAMANTHA PERRYMAN, et al.,          (ECF NO. 9)

15             Defendants.               CLERK SHALL CLOSE THE CASE

16

17                          **SCREENING ORDER**

18   **I.    PROCEDURAL HISTORY**

19        On April 22, 2013, Plaintiff Archie Cranford, a civil detainee proceeding pro se and

20   in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

21   Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

22        On July 2, 2013, Plaintiff's Complaint was screened and dismissed, with leave to

23   amend, for failure to state a cognizable claim.  (ECF No. 8.)  Plaintiff's First Amended

24   Complaint (ECF No. 9) is now before the Court for screening.

25   **II.   SCREENING REQUIREMENT**

26        Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the

27   Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion

28   thereof if it determines that the action has raised claims that are legally "frivolous or

                                          1

1  malicious," "fails to state a claim upon which relief may be granted," or that seek

2  monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

3  1915(e)(2)(B).   "Notwithstanding any filing fee, or any portion thereof, that may have

4  been paid, the court shall dismiss the case at any time if the court determines that . . .

5  the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C.

6  § 1915(e)(2)(B)(ii).

7       Section 1983 "provides a cause of action for the 'deprivation of any rights,

8  privileges, or immunities secured by the Constitution and laws' of the United States."

9  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

10  Section 1983 is not itself a source of substantive rights, but merely provides a method for

11  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

12  (1989).

13  **III.   SUMMARY OF FIRST AMENDED COMPLAINT**

14       The First Amended Complaint names the following officials at Coalinga State

15  Hospital as Defendants: (1) Samantha Perryman, Unit Supervisor; (2) Senait Endile; (3)

16  Stefeni Vally; and (4) Audrey King, Executive Director.

17       Plaintiff alleges the following:

18       On February 21, 2013, during morning medication distribution, Defendant Endile

19  intentionally gave Plaintiff a drug that was not a normal part of his prescription.  The new

20  medication caused severe and painful side effects including an unusually rapid

21  heartbeat.  (Compl. at 4.)  Defendant Endile provided the medication with the intent to

22  cause harm; she acted on behalf of Plaintiff's victims, individuals who had not been

23  avenged or compensated.  (Id. at 5.)

24       Defendant Vally assigned Defendant Endile to the medication window with

25  knowledge of Endile's hostility towards Plaintiff.  Defendant Vally also failed to provide

26  medical care once Plaintiff began suffering side effects.   Plaintiff filed a detainee

27  grievance complaining of the mistreatment and of ongoing side effects.  Defendant King

28  reviewed Plaintiff's grievance at the final administrative level and took no remedial

1  action.  (Id.)

2  **IV.   ANALYSIS**

3       **A.      Section 1983**

4       To state a claim under Section 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated and (2) that the alleged violation was committed by a person acting under the
7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda
8  Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

9       A complaint must contain "a short and plain statement of the claim showing that
10 the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations
11 are not required, but "[t]hreadbare recitals of the elements of a cause of action,
12 supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.
13 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
14 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
15 plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility
16 that a defendant committed misconduct and, while factual allegations are accepted as
17 true, legal conclusions are not.  Id. at 1949-50.

18       **B.      Failure to Protect**

19       As a civil detainee, Plaintiff is entitled to treatment more considerate than that
20 afforded pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-
21 32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate conditions of confinement
22 is protected by the substantive component of the Due Process Clause.  Youngberg v.
23 Romeo, 457 U.S. 307, 315 (1982).

24       A determination whether Plaintiff's rights were violated requires "balancing of his
25 liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.
26 Plaintiff is "entitled to more considerate treatment and conditions of confinement than
27 criminals whose conditions of confinement are designed to punish," but the Constitution
28 requires only that courts ensure that professional judgment was exercised.  Youngberg,

3

1   457 U.S. at 321-22.   A "decision, if made by a professional, is presumptively valid;

2   liability may be imposed only when the decision by the professional is such a substantial

3   departure from accepted professional judgment, practice, or standards as to

4   demonstrate that the person responsible actually did not base the decision on such a

5   judgment."   Id. at 322-23; cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-

6   44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate

7   indifference standard to a pretrial detainee's right to medical care, and noting that pretrial

8   detainees, who are confined to ensure presence at trial, are not similarly situated to

9   those civilly committed).   The professional judgment standard is an objective standard

10   and it equates "to that required in ordinary tort cases for a finding of conscious

11   indifference amounting to gross negligence."   Ammons v. Washington Dep't of Soc. &

12   Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012)

13   (citations and internal quotation marks omitted).

14       The amended complaint asserts that Defendant Endile poisoned Plaintiff on

15   behalf of Plaintiff's victims.   The remaining Defendants allegedly either failed to prevent

16   the poisoning or failed to take steps to mitigate the harm afterward.

17       Plaintiff has a liberty interest in safe conditions of confinement protected

18   substantively by the Due Process Clause.   Youngberg, 457 U.S. at 315.   Due process

19   requires that he receive care that is professionally acceptable.   Id. at 321.   However,

20   Plaintiff's allegations are not sufficient to state a claim.

21       Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or

22   amended complaint must contain a "short and plain statement of the claim showing that

23   the pleader is entitled to relief."   The pleading standard announced by Rule 8 "demands

24   more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Iqbal, 129

25   S.Ct. at 1949.   Plaintiff's attribution of animus to Defendant Endile's behavior is

26   unsupported by factual allegations.   Naked assertions devoid of factual enhancement do

27   not suffice to state a claim.   Id.   Stated another way, while the Court is required to accept

28   Plaintiff's allegations as to Defendant Endile's actions, it need not do the same with

4

1   regard to his unsupported conclusion that Defendant Endile acted with the intent to harm

2   as retribution for Plaintiff's offenses.  Id.  Speculative, conclusory allegations aside,  the

3   First Amended Complaint does not demonstrate that any of the Defendants exhibited a

4   conscious indifference amounting to gross negligence.  See Ammons, 648 F.3d at 1029.

5          The  Court  previously  identified  the  above-described  pleading  deficiency  and

6   advised Plaintiff of the need to provide sufficient factual allegations to enable the Court

7   to  evaluate  whether  there  was  a  basis  for  his  suppositions  regarding  Defendant's

8   motivations.  He has failed to do so or give any indication that he is capable of doing so.

9   There is no reason to believe that re-instructing and giving further leave to amend would

10  serve any useful purpose.  Accordingly, Plaintiff's claims are dismissed with prejudice.

11  **V.      CONCLUSION AND ORDER**

12         For  the  reasons  stated  above,  the  Court  finds  that  Plaintiff's  First  Amended

13  Complaint fails to state a claim upon which relief may be granted and that leave to

14  amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

15  Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for

16  failure to state a claim.  The Clerk shall close the case.

17

18

19  IT IS SO ORDERED.

20     Dated:   September 27, 2013           /s/ *Michael J. Seng*

21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28
                                    5