UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO. 1:13-cv-00581-MJS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| SAMANTHA PERRYMAN, et al., | (ECF NO. 9) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

### SCREENING ORDER

**I.     PROCEDURAL HISTORY**

On April 22, 2013, Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On July 2, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 8.) Plaintiff's First Amended Complaint (ECF No. 9) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or

1

malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.     SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following officials at Coalinga State Hospital as Defendants: (1) Samantha Perryman, Unit Supervisor; (2) Senait Endile; (3) Stefeni Vally; and (4) Audrey King, Executive Director.

Plaintiff alleges the following:

On February 21, 2013, during morning medication distribution, Defendant Endile intentionally gave Plaintiff a drug that was not a normal part of his prescription.  The new medication caused severe and painful side effects including an unusually rapid heartbeat.  (Compl. at 4.)  Defendant Endile provided the medication with the intent to cause harm; she acted on behalf of Plaintiff's victims, individuals who had not been avenged or compensated.  (Id. at 5.)

Defendant Vally assigned Defendant Endile to the medication window with knowledge of Endile's hostility towards Plaintiff.  Defendant Vally also failed to provide medical care once Plaintiff began suffering side effects.  Plaintiff filed a detainee grievance complaining of the mistreatment and of ongoing side effects.  Defendant King reviewed Plaintiff's grievance at the final administrative level and took no remedial

2

action. (Id.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Failure to Protect

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg,

457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

The amended complaint asserts that Defendant Endile poisoned Plaintiff on behalf of Plaintiff's victims. The remaining Defendants allegedly either failed to prevent the poisoning or failed to take steps to mitigate the harm afterward.

Plaintiff has a liberty interest in safe conditions of confinement protected substantively by the Due Process Clause. Youngberg, 457 U.S. at 315. Due process requires that he receive care that is professionally acceptable. Id. at 321. However, Plaintiff's allegations are not sufficient to state a claim.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard announced by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. Plaintiff's attribution of animus to Defendant Endile's behavior is unsupported by factual allegations. Naked assertions devoid of factual enhancement do not suffice to state a claim. Id. Stated another way, while the Court is required to accept Plaintiff's allegations as to Defendant Endile's actions, it need not do the same with

4

regard to his unsupported conclusion that Defendant Endile acted with the intent to harm as retribution for Plaintiff's offenses. Id. Speculative, conclusory allegations aside, the First Amended Complaint does not demonstrate that any of the Defendants exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029.

The Court previously identified the above-described pleading deficiency and advised Plaintiff of the need to provide sufficient factual allegations to enable the Court to evaluate whether there was a basis for his suppositions regarding Defendant's motivations. He has failed to do so or give any indication that he is capable of doing so. There is no reason to believe that re-instructing and giving further leave to amend would serve any useful purpose. Accordingly, Plaintiff's claims are dismissed with prejudice.

**V.     CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   September 27, 2013          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE