1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

ARCHIE CRANFORD,

CASE NO. 1:13-cv-00581-MJS

12

Plaintiff,

ORDER   DENYING   MOTION   FOR
RECONSIDERATION

13

v.

(ECF NO. 12)

14

SAMANTHA PERRYMAN, et al.,

15

Defendants.

16
17      Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis,

18  filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 22, 2013. (ECF No. 1.)

19  The Court screened Plaintiff's First Amended Complaint on September 30, 2013 and

20  dismissed it with prejudice for failure to state a cognizable claim.  (ECF No. 10.)  On

21  October 9, 2013, Plaintiff filed an opposition to the Court's dismissal of his claims.  (ECF

22  No. 12.)  The Court will address that opposition as a request that the Court reconsider its

23  order.

24      Plaintiff asserts that he has taken the same medications for more than twenty-one

25  years without incident.  On February 21, 2013, during morning medication distribution,

26  Defendant Endile picked up a pill from the floor and gave it to Plaintiff.  The pill was

27  unfamiliar to Plaintiff, and soon after taking it he began suffering side effects.  Plaintiff

28  contends that Defendant Endive tried to kill him with the approval of the other

1

1   Defendants. (<u>Id.</u>)

2          Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

3   justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

4   manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

5   <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

6   citation omitted).  The moving party "must demonstrate both injury and circumstances

7   beyond his control . . . ."  <u>Id.</u> (internal quotation marks and citation omitted).  In seeking

8   reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or

9   different facts or circumstances are claimed to exist which did not exist or were not

10  shown upon such prior motion, or what other grounds exist for the motion . . . ."

11         "A motion for reconsideration should not be granted, absent highly unusual

12  circumstances, unless the . . . court is presented with newly discovered evidence,

13  committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn</u>

14  <u>Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009)

15  (internal quotations marks and citations omitted), and "[a] party seeking reconsideration

16  must show more than a disagreement with the Court's decision, and recapitulation . . . "

17  of that which was already considered by the Court in rendering its decision.  <u>U.S. v.</u>

18  <u>Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

19         Plaintiff has not met the standard for reconsideration of the Court's order.  Plaintiff

20  offers clarification of his allegations but no new factual allegations that warrant

21  reconsideration of the Court's previous analysis and conclusion.  Plaintiff fails to show

22  that the Court committed error.

23         Plaintiff makes clear that he believes Defendant Endile tried to kill him with a pill.

24  However, Plaintiff does not submit any plausible factual allegations to support this

25  conclusion.   The minimum pleading standard requires that Plaintiff set forth "sufficient

26  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Ashcroft</u>

27  <u>v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (<u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

28  544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   <u>Iqbal</u>, 129 S.Ct. at 1949 (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556.) Plaintiff's pleadings and the instant motion simply reflect a suspicion unsupported by any fact other than Defendant giving Plaintiff a pill and Plaintiff becoming ill soon after. Even accepting that sequence of events and that the pill may have caused Plaintiff to feel ill, it is as plausible to surmise that Defendant acted negligently as that he acted maliciously. No facts suggest evidence of a motive or intent to harm Plaintiff.

Plaintiff's has not shown clear error or other meritorious grounds for relief.  He has not met the burden imposed on a party moving for reconsideration.   <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.

Plaintiff's Motion for Reconsideration (ECF No. 12) is DENIED, with prejudice.  No further motions for reconsideration will be considered. If one is filed, it will be summarily stricken from the record.  At this juncture, Plaintiff's recourse lies with the appellate court.

IT IS SO ORDERED.

Dated:   November 27, 2013         /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE